UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM M.,<br><br>                Plaintiff,<br>      v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 2:23-cv-977<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

Having considered the ALJ's decision, the administrative record (AR), and briefing, this matter is **AFFIRMED**.

### I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income (SSI) on September 25, 2020, alleging disability beginning July 3, 2019. AR 183. The ALJ adjusted the alleged onset date to September 25, 2020 -- the date of the application. AR 23. After the application was denied at the initial level and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ held a hearing on March 10, 2022. AR 93. On March 30, 2022, the ALJ issued a decision finding Plaintiff not disabled.

AR 18-36.

The ALJ found Plaintiff had the following severe impairments: "neck and shoulder pain, depressive disorder, personality disorder, posttraumatic stress disorder (PTSD), alcohol abuse in remission. . .." AR 24.

The Appeals Council denied Plaintiff's request for review on July 18, 2023, making the ALJ's decision the final decision of the Commissioner. AR 302; *see* 20 C.F.R. § 416.1481. Plaintiff appeals the denial of disability benefits to this Court. Dkt. 1.

## I.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## II.  THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920. At steps one through three, the ALJ found Plaintiff has not engaged in substantial gainful activity since the application date, has one or more severe impairments, and does not have an impairment or combination of impairments that meet or equal the criteria of a listed impairment. AR 24-25.

At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> He can occasionally stoop. He cannot crouch, crawl, kneel, or climb ramps, stairs, ropes, ladders, scaffolds, work at heights, or in proximity to hazardous conditions. He can occasionally overhead reach, frequently reach at or below shoulder level, and frequent handle and finger. He can remember, understand, and carry out simple and routine instructions and

>tasks consistent with the learning and training requirements of SVP level one and two jobs with reasoning levels of two or less. He can have no contact with the public. He can have occasional contact with supervisors. He can work in proximity to but not in coordination with co-workers.

AR 28.

With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 34. The ALJ proceeded to step five and found there are jobs that exist in significant numbers that the Plaintiff can perform. AR 35. The ALJ thus concluded Plaintiff has not been under a disability since the date the application was filed. AR 36.

### III.   DISCUSSION

Plaintiff raises one issue on appeal – whether the ALJ properly evaluated the opinion of Rochelle Nucci, Plaintiff's mental health counselor at Sound Mental Health.

On January 6, 2021, Ms. Nucci provided a statement. AR 704. She states that since she started seeing Plaintiff as his counselor in March 2020, she learned about Plaintiff's abusive mother and her mental health history, and his experience with an assault several years prior. *See id.* Since the assault, Plaintiff informed Ms. Nucci that he was experiencing nightmares, flashbacks, panic attacks, and memory issues. *See id.* Ms. Nucci opined that Plaintiff had difficulty completing activities due to his "extreme lack of focus and his poor short-term memory." *See id.* For example, he has forgotten laundry in the laundry room for days and has left money at random locations. *See id.* Ms. Nucci stated that it is "abundantly clear" that Plaintiff "will never be able to have regular job" and she ultimately believes that Plaintiff is someone "that definitely should be receiving social security benefits". AR 705.

The ALJ found Ms. Nucci's opinion unpersuasive because the "ultimate issue of whether someone is disabled or not is reserved to the Commissioner." AR 34. *See also* 20 C.F.R. 416.920(c). Furthermore, the ALJ stated Ms. Nucci relied on Plaintiff's subjective reports of symptoms and examples of problems with his activities of daily living during the time when the claimant admittedly is not taking any of the prescribed antipsychotic medications. AR 34.

Plaintiff argues the ALJ erred because the ALJ rejected Ms. Nucci's opinion without considering its supportability and consistency. Dkt. 9, p. 3.

Defendant argues that what Ms. Nucci's opinion, to the extent it contains statements on issues reserved to the Commissioner, was appropriately not considered by the ALJ. *See* Dkt. 14, p. 2. *See id.*

Under the applicable rules, the ALJ must "articulate how [they] considered the medical opinions" and "how persuasive [they] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). A "medical opinion" is defined under 20 CFR § 416.913(a)(2) as: "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the abilities [listed in sub-paragraph (a)(2)(i) of the regulation]". With respect to mental health conditions, a medical opinion consists of: "impairment-related limitations and restrictions in: . . .. [y]our ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work

setting. . ..." 20 CFR § 416.913 (a)(2)(i)(B). Under 20 CFR § 416.920, the Commissioner "will consider all evidence in your case record when we make a determination or decision whether you are disabled." When considering severity of mental impairments, the Commissioner follows a technique described in 20 CFR § 416.920a.

The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Under the 2017 regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792. On the other hand, an ALJ need not provide analysis if the evidence is "neither valuable nor persuasive to the issue," such as decisions by other governmental agencies and nongovernmental entities," and "statements on issues reserved to the Commissioner." *See* 20 C.F.R § 416.920b(c)(1)-(2).

With respect to Plaintiff's unwillingness to engage with treatment recommendations, the Ninth Circuit held "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). While there are many instances in the record

where it appears Plaintiff was unwilling to take prescribed medications or purposely did not pick up his prescriptions, there does appear to be evidence in the record that his decision not to take the prescribed medication was "at least in part a result of his ... psychiatric issues." *Id. See* AR 432 (Plaintiff "reports mother died by OD on pills and alcohol."). The Court, therefore, finds that the ALJ erred in relying on Plaintiff's unwillingness to engage with treatment recommendations.

The ALJ considered Ms. Nucci's opinion but found it unpersuasive. AR 27, 34. The ALJ properly rejected the portion of the opinion stating that it was "abundantly clear" that Plaintiff would "never be able to have a regular job" and that he "definitely should be receiving social security benefits." AR 34, referring to AR 705. Statements regarding how a claimant is or is not "disabled, blind, able to work, or able to perform regular or continuing work" are statements on issues reserved to the Commissioner, not medical opinions. *See* AR 318-19; 20 C.F.R. § 416.920b(c)(3)(i).

Plaintiff argues that Ms. Nucci's treatment notes contain clinical observations that support the opinions and therefore the opinions should not be overlooked. Dkt. 9 at p. 6-7. The opinion did not expressly provide a clinical basis – such as psychological testing – nor did it provide an explanation tied to clinical findings for the assessment of Plaintiff's ability "to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 416.913(a)(i)(B). The ALJ's reasons concerning the lack of objective clinical findings are valid and are supported by substantial evidence. *See, Morgan v. Comm'r Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999) (claimant's

mental health symptoms were noted by treating physician, but the reports failed to explain how the symptoms translated into specific functional limitations that would preclude work activity).

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id; Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

During the hearing, Plaintiff's attorney asked the Vocational Expert whether "instead of occasional supervisory contact or proximity to coworkers, there was no ability to work with supervisors or coworkers?", and the V.E. responded, "[t]hat would be inconsistent with any jobs at the unskilled level." AR 122. Plaintiff's attorney also asked, "If you were to add to the first hypothetical that this person would require redirection throughout the workday, about 30 percent of an eight-hour workday, how would that affect the jobs at Step 5?" *Id*. The V.E. stated, "I think that would be in excess of what is typically provided and it probably would affect their – the degree of being off task. So I think that would probably be inconsistent with those jobs." *Id.*

The ALJ was not required to include in the RFC the limitations suggested by Plaintiff's counsel, because the questions appear to be based on counselor Nucci's assessment, and ALJ gave at least one legally sufficient reason, supported by substantial evidence, to discount the medical opinion of mental health counselor Nucci. The error with respect to Plaintiff's failure to follow treatment recommendations was

therefore harmless. Plaintiff has not established harmful error on this point, because the Court may affirm, based on one legally sufficient and supported reason. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004).

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is AFFIRMED.

Dated this 22nd day of April, 2024.

Theresa L. Fricke
United States Magistrate Judge